**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

DONYALL EARL WHITE,                          )
                                             )
                            Petitioner,      )
                                             )
               vs.                           )       1:11-cv-982-SEB-DKL
                                             )
SUPERINTENDENT,                              )
                                             )
                            Respondent.      )
                                             )

**Entry Discussing Petition for Writ of Habeas**
**Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Donyall Earl White for a writ of habeas corpus must be **denied** and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

**I.**

"Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *State of Illinois v. City of Chicago,* 137 F.3d 474, 478 (7th Cir. 1998). The petition of Donyall White for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) fails this test and the action must therefore be dismissed.

The pleadings and the expanded record show that (1) the petitioner filed a prior habeas action, docketed as No. 1:10-cv-468-WTL-TAB in this court, challenging his Delaware County, Indiana conviction for armed robbery and criminal confinement, and (2) the prior habeas action was denied in an Order issued on November 16, 2010.

White has now filed another petition for a writ of habeas corpus in which he asserts claims which were or which could have been presented in the first habeas action.

The disposition in No. 1:10-cv-468-WTL-TAB was based on the determination that the habeas petition was barred because White committed procedural default. That disposition was "on the merits" for the purpose of triggering the requirements of 28 U.S.C. § 2244(b).

When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Potts v. United States,* 210 F.3d 770, 770 (7th Cir. 2000). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). This statute "'is an allocation of subject-matter jurisdiction to the court of appeals.'" *In re Page,* 170 F.3d 659, 661 (7th Cir. 1999) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)), opinion supplemented on denial of rehearing *en banc*, 179 F.3d 1024 (7th Cir. 1999). "'A district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing.'" *Id.*

With the prior habeas petition motion having been adjudicated on the merits, and in the absence of authorization for the present filing from the Court of Appeals, this action must now be dismissed for lack of jurisdiction. Judgment consistent with this Entry shall now issue.

## II.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that White has failed to show that reasonable jurists would find "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date:   09/27/2011

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana